KERNAGHAN & CORDILL NO. 8462

VS : COURT OF APPEAL

LEO FELLMAN : PARISH OF ORLEANS

: : : : :

- - - - -

WILLIAM A. BELL, JUDGE.

- - - - -

 OCTOBER 1st, 1923.

Oct 1/23
H.J. Stansbury

8462

By WILLIAM A. BELL, Judge.

This litigation between two reputable real estate dealers of New Orleans, concerns the right or not of plaintiff to recover from defendant one-half of the commissions retained by the latter as representative of the vendor of certain real estate purchased by the Federal Land Bank, through plaintiff, as its agent. The matter is a simple one, based solely upon issues of fact, and involves the determination of what in truth transpired in a business transaction between three men of high character in this community. A careful examination of the testimony convinces us that plaintiff did agree with defendant on the day of the sale, and even as far back as the month of June preceding said date, that the condition of plaintiffs' right to receive half of the commissions involved, would be, with that his principal (continuously undisclosed) had not been a party with whom defendant had previously dealt in relation to the property sold.

Disposal of the above issue of fact carries us to the determination of the only other and more important one, as to whether the purchaser, prior to October 18th, 1919, had dealt with the defendant with a view of purchasing the real estate involved. The whole defense to this suit is predicated upon the special averment that the admitted agreement to divide the commission was coupled with the aforesaid specific condition. We do not agree with the contention urged in defendant's brief that the burden in this case is upon plaintiff to establish the truth of the negative arising from the pleadings in this case, that is, to show by a preponderance of evidence that the purchaser had not dealt previously with the defendant in regard to the property. The burden is clearly upon the defendant, who has made the issue, to affirmatively establish that the condition of his release from the obligation assumed by him, had actually resulted, and that he, in consequence, has been released from the performance of a conditional agreement to pay. Careful examination of the decision by this Court in Abington v. Red River

Orleans App., 10, does not show its application in any way to the facts in this case. The cited case involved a suit against the defendant carrier for non-delivery of merchandise, and upon conflicting testimony in a controversy involving issues of fact only, this Court affirmed, as it should have done, the findings of the trial judge. But admitting defendant's contention to be sound, we are of the opinion that the office records of the defendant offered in his defense were correctly excluded, and that the conclusions of the trial judge were correct in finding that the evidence is clearly with plaintiff, establishing that the purchaser never, at any time, had any dealings with the defendant in relation to the property ultimately purchased. The letter from the Federal Land Bank, addressed to plaintiff on the day of and prior to the acceptance of offer to purchase, is, in our opinion, conclusive of the governing fact in this case. It reads as follows:

"October 18, 1919.
"Kernaghan & Cordill,
 "New Orleans, La.

"Concerning the property Nos. 821-823-825-827 Union
Street, I beg to state that the only negotiations
for the purchase of this property that I have made
has been entirely through your office. I have not
spoken nor dealt with Mr. Leo Fellman nor anyone
in his office for the purchase of this property and
neither has Mr. Fellman nor anyone in his office
spoken to me concerning the purchase of this property.
"Yours respectfully,
"(Signed) Federal Land Bank of N. O.,
"By T. F. Davis, Pres."

Issues of fact being alone involved, we will not disturb the findings and conclusions of the able trial judge, who heard and saw the witnesses.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby as affirmed, at defendant's costs in both courts.

JUDGMENT AFFIRMED. OCTOBER 1st, 1923.